JS 44 (Rev. 04/21)                                    CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS**

Guy J. Quigley
3720 Fountain Circle, Fountainville, PA 18923

**(b)** County of Residence of First Listed Plaintiff   Bucks
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Altima Advisors/Attorneys, LLC
1650 One Liberty 55th Flr., 1650 Market St.
Philadelphia, PA 19103

**DEFENDANTS**

Brightword Books, LLC
99 Wall Street, Suite1357, New York, NY 10005

County of Residence of First Listed Defendant   Manhattan
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

| | | |
|---|---|---|
| ☐ 1 | U.S. Government Plaintiff | ☒ 3 Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 | U.S. Government Defendant | ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)* |

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*                 Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY**   **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane   ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product   Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument |    Liability   ☐ 367 Health Care/ | | **INTELLECTUAL PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel &   Pharmaceutical Slander   Personal Injury | | ☒ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers'   Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) |    Liability   ☐ 368 Asbestos Personal ☐ 340 Marine   Injury Product ☐ 345 Marine Product   Liability | | ☐ 835 Patent - Abbreviated New Drug Application ☐ 840 Trademark | ☐ 460 Deportation ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits |    Liability   **PERSONAL PROPERTY** ☐ 350 Motor Vehicle   ☐ 370 Other Fraud | **LABOR** | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle   ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract |    Product Liability   ☐ 380 Other Personal | ☐ 720 Labor/Management | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal   Property Damage |    Relations | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ |
| ☐ 196 Franchise |    Injury   ☐ 385 Property Damage ☐ 362 Personal Injury -   Product Liability    Medical Malpractice | ☐ 740 Railway Labor Act ☐ 751 Family and Medical Leave Act | ☐ 862 Black Lung (923) ☐ 863 DIWC/DIWW (405(g)) ☐ 864 SSID Title XVI |    Exchange ☐ 890 Other Statutory Actions ☐ 891 Agricultural Acts |
| **REAL PROPERTY**   **CIVIL RIGHTS**   **PRISONER PETITIONS** | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation   ☐ 440 Other Civil Rights   **Habeas Corpus:** | | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure   ☐ 441 Voting   ☐ 463 Alien Detainee | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment   ☐ 442 Employment   ☐ 510 Motions to Vacate Sentence | | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land   ☐ 443 Housing/ Accommodations   ☐ 530 General | | | | |
| ☐ 245 Tort Product Liability   ☐ 445 Amer. w/Disabilities - Employment   ☐ 535 Death Penalty | | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property   ☐ 446 Amer. w/Disabilities - Other   **Other:** ☐ 540 Mandamus & Other | | ☐ 462 Naturalization Application ☐ 465 Other Immigration Actions | | |
|   ☐ 448 Education   ☐ 550 Civil Rights ☐ 555 Prison Condition ☐ 560 Civil Detainee - Conditions of Confinement | | | | |

**V. ORIGIN** *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding    ☐ 2 Removed from State Court    ☐ 3 Remanded from Appellate Court    ☐ 4 Reinstated or Reopened    ☐ 5 Transferred from Another District *(specify)*    ☐ 6 Multidistrict Litigation - Transfer    ☐ 8 Multidistrict Litigation - Direct File

**VI. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
17 U.S.C. 101 et. seq.

Brief description of cause:
Copyright and breach of contract

**VII. REQUESTED IN COMPLAINT:**    ☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.    DEMAND $    CHECK YES only if demanded in complaint:   JURY DEMAND: ☒ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY**   *(See instructions)*:   JUDGE _____   DOCKET NUMBER _____

DATE    May 4, 2026

SIGNATURE OF ATTORNEY OF RECORD    Frederick A. Tecce

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

**INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44**

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b) County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c) Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II. Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III. Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV. Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: <u>Nature of Suit Code Descriptions</u>.

**V. Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statute.

**VI. Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

**VII. Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII. Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**

Place of Accident, Incident, or Transaction: Fountainville PA _____

---

**RELATED CASE IF ANY:**   Case Number:_____   Judge:_____

1.  Does this case involve property included in an earlier numbered suit?                                Yes ☐

2.  Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit?    Yes ☐

3.  Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit?   Yes ☐

4.  Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual?   Yes ☐

5.  Is this case related to an earlier numbered suit even though none of the above categories apply?   Yes ☐
    If yes, attach an explanation.

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☑ **is not** related to any pending or previously terminated action in this court.

---

**Civil Litigation Categories**

**A.  *Federal Question Cases:***

☐ 1.  Indemnity Contract, Marine Contract, and All Other Contracts)
☐ 2.  FELA
☐ 3.  Jones Act-Personal Injury
☐ 4.  Antitrust
☐ 5.  Wage and Hour Class Action/Collective Action
☐ 6.  Patent
☒ 7.  Copyright/Trademark
☐ 8.  Employment
☐ 9.  Labor-Management Relations
☐ 10.  Civil Rights
☐ 11.  Habeas Corpus
☐ 12.  Securities Cases
☐ 13.  Social Security Review Cases
☐ 14.  Qui Tam Cases
☐ 15.  Cases Seeking Systemic Relief  ***see certification below***
☐ 16.  All Other Federal Question Cases. *(Please specify)*:_____

**B.  *Diversity Jurisdiction Cases:***

☐ 1.  Insurance Contract and Other Contracts
☐ 2.  Airplane Personal Injury
☐ 3.  Assault, Defamation
☐ 4.  Marine Personal Injury
☐ 5.  Motor Vehicle Personal Injury
☐ 6.  Other Personal Injury *(Please specify)*:_____
☐ 7.  Products Liability
☐ 8.  All Other Diversity Cases:  *(Please specify)*_____
        _____

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☑ **does not** have implications beyond the parties before the court and ☐ **does** / ☑ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

---

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

☑   Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☐   None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

GUY QUIGLEY,                          :
                                      :
    Plaintiff,    :
                                      :
v.                                    :    Civil Action No.
                                      :
BRIGHTWORD BOOKS, LLC                 :
                                      :    **<u>JURY TRIAL DEMANDED</u>**
    Defendant.    :
                                      :

## <u>COMPLAINT</u>

Plaintiff Guy Quigley ("Plaintiff"), by and through his undersigned counsel, brings this Complaint against Defendant Brightword Books, LLC ("Defendant"), and hereby alleges as follows.

## <u>PARTIES</u>

1.      Plaintiff is an individual domiciled in Pennsylvania and who resides in Fountainville, Pennsylvania.

2.      On information and belief, Defendant is a limited liability company organized under the laws of New York, having its principal place of business at either 319 48th Street #2, Brooklyn, NY 11220 or 99 Wall Street, Suite 1357, New York, NY 10005.

## <u>JURISDICTION</u>

3.      This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1338, because this Action arises under the laws of the United States, and the Court has supplemental jurisdiction over the state law claims asserted herein under 28 U.S.C.

§ 1367 because they form part of the same case and controversy with the federal claim.

4.    This Court also has jurisdiction over this dispute under 28 U.S.C. § 1332 because there is complete diversity of citizenship between the parties and the amount in controversy, exclusive of interests and costs, exceeds $75,000.  Plaintiff is a citizen of Pennsylvania.  On information and belief, Defendant is a limited liability company organized under the laws of New York, and whose ultimate member is domiciled in New York and therefore is a citizen of New York for diversity purposes.

5.    The Court has personal jurisdiction over Defendant because Defendant has purposefully availed itself of the benefits of doing business in this District by, among other things, affirmatively reaching out to, contracting with, and providing services to, Plaintiff, a resident of this District.  In addition, Defendant has committed tortious acts within this District and caused injury to Plaintiff in this District, and Plaintiff's claims arise from those activities.  Among other things, Defendant has caused to be published, distributed, offered for sale, and sold works that infringe Plaintiff's copyrights in this District.

6.    Venue is proper in this District because Plaintiff resides in this District, Defendant is subject to the Court's personal jurisdiction with respect to this Action, and a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District.

## BACKGROUND

2

7.    Plaintiff is the author and owner of the literary works *The Smoke That Thunders/ Mosi-O-Tunya* and *The Smoke That Thunders/ Mosi-O-Tunya, Second Edition* (collectively "*The Smoke That Thunders*").  *The Smoke That Thunders* contains material wholly original with Plaintiff that is copyrightable subject matter.

8.    Plaintiff has complied in all respects with the provisions of the Copyright Act and registered the copyrights in *The Smoke That Thunders* with the U.S. Copyright Office and secured U.S. Copyright Registration Numbers, TX0007138101 and TXU002163738, which are annexed as Exhibits 1 and 2 and made part hereof.

9.    Plaintiff is the author and owner of the literary work *The Rebel Son* ("*Rebel Son*").  *Rebel Son* contains material wholly original with Plaintiff that is copyrightable subject matter.

10.    Plaintiff has complied in all respects with the provisions of the Copyright Act and registered the copyright in *Rebel Son* with the U.S. Copyright Office and secured U.S. Copyright Registration Number TXU001630072, which is annexed as Exhibit 3 and made part hereof.

11.    At all relevant times, Plaintiff has been the sole proprietor and owner of all right, title, and interest in and to the copyright in *Rebel Son*, including the right to prepare derivative works based thereon and to distribute copies of the same to the public.

12. On information and belief, Defendant is a publishing company that aids authors with editing, producing, marketing, and distributing their creative works to the public.

13. On its website, Defendant claims that it comprises "a team of publishing and marketing professionals committed to helping authors successfully navigate the self-publishing world." Defendant states its publishing service provides "Global Distribution" and "guarantees your book is available on amazon and other online bookstore worldwide, plus connection with physical bookstores, libraries and media outlets." It also asserts that its publishing service provides "Full Copyright Ownership" where "Authors retain full copyright ownership of their works, which is a significant advantage for those wanting to maintain control over their intellectual property," "100% royalties, meaning you keep all the earnings from your book sales. You've worked hard on your creation, and we believe you should benefit fully from its success[,]" and "complete transparency throughout your publishing journey. From production updates to sales reports, you'll have clear insight into every stage of the process—so you can make informed decisions with confidence and trust."

14. On or about April 30, 2025, Plaintiff entered into a service contract agreement with Defendant, in which Defendant was to provide its "Propel Publishing Packaging (Republication) Service" to Plaintiff, wherein Defendant would assist Plaintiff in republishing *The Smoke That Thunders* as a derivative trilogy of works entitled *The Thundering Smoke Book 1: The Price Of Freedom*, *The Thundering Smoke Book 2: The Dutchman's Plan*, and *The Thundering Smoke Book 3: The End*

*Of The Line* (collectively "*The Thundering Smoke* works") in a variety of formats, in exchange for $3500 (the "Publishing Agreement").

15.    Pursuant to the material and important terms of the Publishing Agreement, Defendant was to *inter alia*: establish the means for the publication, distribution, sales of, and the receipt of earnings from the sales of *The Thundering Smoke* works and provide Plaintiff control over the same; and provide Plaintiff direct access to sales and distribution channel data so as to be able to track sales and monitor the same.  In addition, Plaintiff was to retain full copyright ownership of *The Thundering Smoke* works receive all the earnings from the sales of these works on the distribution channels and retail platforms on which Defendant disseminated, and/or offered for sale these works.  These contractual obligations involved the essence of the Publishing Agreement.

16.    Subsequently, Plaintiff entered into another agreement with Defendant, in which Defendant was provide marketing services to Plaintiff to promote *The Thundering Smoke* works and *Rebel Son*, in exchange for $25,000 (the "Marketing Agreement").

17.    Pursuant to the material and important terms of the Marketing Agreement, Defendant was to provide additional publication and distribution services for *Rebel Son*, in addition to various marketing services for both *The Thundering Smoke* works and *Rebel Son* – such as producing Amazon Best Seller, BookBub Ads, and press release campaigns – to promote these works across a variety of platforms and generate goodwill and sales potential for these works.

18.   Plaintiff performed all his obligations under the Publishing Agreement, including paying Defendant $3500.

19.   On the other hand, Defendant has not performed all its contractual duties under the Publishing Agreement.  Defendant never provided Plaintiff with access to or control over the means for the publication, distribution, and sales of *The Thundering Smoke* works.  That is, Defendant failed to provide Plaintiff with access to or control of any account through which Defendant has published, distributed, offered for sale and sold *The Thundering Smoke* works.  And although new and used *The Thundering Smoke* works have been widely distributed and available through retail outlets such as Amazon, eBay, and Barnes & Noble, and despite these works having received numerous, positive "verified purchaser" reviews, Defendant has not paid Plaintiff, or caused Plaintiff to be paid, any earnings from the sales of *The Thundering Smoke* works.  Nor has Plaintiff received any earnings from any sale of *The Thundering Smoke* works.  Defendant also has failed to provide Plaintiff with any statements of account or any other data regarding *The Thundering Smoke* works' sales and distribution.

20.   Plaintiff performed his obligations under the Marketing Agreement, including paying his first monthly payment of $3125.

21.   However, other than creating a book trailer for *Rebel Son*, Defendant did not perform any of its other material obligations and duties under the Marketing Agreement.  Among other things, Defendant failed to provide Plaintiff with access to or control of any account through which Defendant distributed, offered for sale and

6

sold *Rebel Son*, and Defendant has failed to pay Plaintiff, or caused Plaintiff to be paid, any earnings from such sales of *Rebel Sons*. Defendant also has failed to provide Plaintiff with any statements of account or any other data regarding Defendant's distribution or sales of *Rebel Sons*.

22.    Moreover, in violation of the spirit of the Publishing and Marketing Agreements and the parties' relationship, Defendant registered the International Standard Book Numbers ("ISBNs") – which  are unique product identifiers used by publishers, booksellers, retailers and other supply chain participants for ordering, listing, and sales purposes – in its own name – instead of Plaintiff or his company Thundersmoke Media, LLC – thereby conveying the false and misleading impression that Defendant, as opposed to Plaintiff, owns and controls all rights in and to The Thundering Smoke works and Rebel Son.

23.    In violation of the spirit of the Publishing and Marketing Agreements and the parties' relationship, Defendant has deprived Plaintiff's rights in and to *The Thundering Smoke* works and *Rebel Son*, and has otherwise interfered with the same, without Plaintiff's consent and without justification.

24.    From February 22, 2026 to March 1, 2026, Plaintiff sent Defendant's Chief Publications Officer Steven Gomez several SMS/text messages, asking why Plaintiff was not receiving any reports or earnings for the sales of *The Thundering Smoke* works and *Rebel Sons*, but Mr. Gomez ignored and did not respond to any of Plaintiff's messages.

25.     On March 18, 2026, Plaintiff notified Defendant in writing of its breaches and of the termination of the Publishing and Marketing Agreements.

26.     Despite this notice, and Plaintiff's subsequent efforts to resolve Defendant's breaches of the Agreement, Defendant has continued to publish, distribute, and offer to sell *The Thundering Smoke* works and *Rebel Sons* without permission, and has otherwise caused such acts.

27.     Defendant's infringement of Plaintiff's copyrights has caused substantial damages, including lost sales revenues, and irreparable injury that cannot fully be compensated or measured in money.

28.     Defendant's material breaches of the Publishing and Marketing Agreements has caused substantial damages to Plaintiff, including most obviously, the loss of all earnings that are owed from the distribution and sales of *The Thundering Smoke* works and *Rebel Sons*.   Furthermore, Defendant's acts have impaired the marketability of Plaintiff's works, placed a cloud over the title of these works, harmed Plaintiff's reputation, and prevented Plaintiff from being able to fully exploit that which he created and owns.

## COUNT I – COPYRIGHT INFRINGEMENT

29.     Plaintiff incorporates by reference and realleges the foregoing paragraphs as if fully set forth herein.

30.     Plaintiff is author and owner of *The Smoke That Thunders* and *The Thundering Smoke* works and *Rebel Sons* and thus, owns the copyrights in and to such works.

8

31.    Since at least as early as March 18, 2026, Defendant, without authority, is making, causing to be made and published, and purporting to authorize the making and publishing of derivative works based upon *The Smoke That Thunders*.

32.    Since at least as early as March 18, 2026, Defendant, without authority, is making, causing to be made and published, and purporting to authorize the making and publishing of unauthorized copies of *The Thundering Smoke* works and *Rebel Sons* including selling and causing to be sold unauthorized copies of *The Thundering Smoke* works in this District.

33.    Defendant's conduct constitutes direct infringement of Plaintiff's exclusive rights under the Copyright Act to reproduce, prepare derivative works, and distribute his copyrighted works.

34.    Defendant's acts of infringement have been willful, intentional, and purposeful, in disregard of and indifferent to the rights of Plaintiff, entitling Plaintiff to all the relief provided by the Copyright Act, including *inter alia*, injunctive relief, actual damages, disgorgement of profits, costs and attorney fees.

## COUNT II – BREACH OF CONTRACT

35.    Plaintiff incorporates by reference and realleges the foregoing paragraphs as if fully set forth herein.

36.    The Publishing and Marketing Agreements between Plaintiff and Defendant are binding and effective contracts.  Plaintiff has satisfied all material obligations and conditions precedent to the performance required by Defendant under these agreements.

9

37.    Defendant has materially breached the Publishing and Marketing Agreements Agreement, by *inter* alia, failing to provide Plaintiff: all the earnings from the sales of *The Thundering Smoke* works and *Rebel Son*; control over and access over the means through which Defendant has published, distributed, offered for sale and sold these works; and direct access to sales and distribution channel data for *The Thundering Smoke* and *Rebel Son*.  Plaintiff has suffered damages as a result of Defendant's breaches in an amount to be proven at trial, which include *inter alia*, lost earnings and damages caused by the impairment of the marketability of *The Thundering Smoke* works and *Rebel Son*.

### COUNT III – BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

38.    Plaintiff incorporates by reference and realleges the foregoing paragraphs as if fully set forth herein.

39.    By virtue of Defendant's acts, herein above pleaded, Defendant has breached the implied covenant of good faith and fair dealing with respect to the Publishing and Marketing Agreements.  Defendant's conduct was unjustified, unfair, and was intended to frustrate Plaintiff's legitimate expectations under these agreements.

40.    As a result of Defendant's breach of the implied covenant of good faith and fair dealing, Plaintiff has suffered and will continue to suffer damages in an amount to be proven at trial.

### PRAYER FOR RELIEF

10

WHEREFORE, Plaintiff prays the Court to enter judgment against Defendant awarding Plaintiff as follows:

1.      Damages and/or disgorgement of profits in an amount to be proven at trial.

2.      Specific enforcement of Plaintiff's right to receive title of, control over, and access to, the accounts through which Defendant has published, distributed, offered for sale and/or sold *The Thundering Smoke* works and *Rebel Son* and all data regarding the publication, distribution, and sales of these works.

3.      A declaration that the Publishing and Marketing Agreements are terminated, and Plaintiff owns all rights related to *The Thundering Smoke* works and *Rebel Son*, including the rights to control accounts with publishers, retailers and resellers related to the distribution and sale thereof.

4.      An injunction requiring that Defendant and its agents, servants, employees, officers, attorneys, successors, licensees, partners, and assigns, and all persons acting in concert or participation with each or any of them, cease directly or indirectly infringing, or causing, enabling, facilitating, encouraging, promoting and inducing or participating in the infringement of, any of Plaintiff's copyrights in *The Smoke That Thunders*, *The Thundering Smoke* works, and Rebel Son, or exclusive rights protected by the Copyright Act, whether now in existence or hereafter created.

5.      Plaintiff's costs and reasonable attorneys' fees to the extent allowed by law.

6.      Pre- and post-judgment interest according to law.

11

7.      Any other and further relief as this Court may deem just and proper.


Dated: May 4, 2026                          Respectfully submitted,


                                            */s/Frederick A. Tecce*
                                            Frederick A. Tecce
                                            ALTIMA ADVISORS/ATTORNEYS, LLC
                                            One Liberty Place – 55th Floor
                                            1650 Market Street
                                            Philadelphia, Pennsylvania 19103
                                            Telephone: (215) 268-7525
                                            Facsimile: (215) 268-7526
                                            Email: fred.tecce@altimaadvisors.com

# EXHIBIT 1

**Registration Number**

## TX 7-138-101

**Effective date of
registration:**

October 24, 2009

## Title

**Title of Work:** Mosi-O-Tunya (The Smoke That Thunders)

## Completion/Publication

**Year of Completion:** 1983

**Date of 1st Publication:** August 1, 1983     **Nation of 1st Publication:** United Kingdom

**International Standard Number:** ISBN     0 86116 644 2

## Author

- **Author:** Guy J Quigley

  **Author Created:** text

  **Work made for hire:** No

  **Citizen of:** United States     **Domiciled in:** United States

  **Year Born:** 1941     **Year Died:** N/A

## Copyright claimant

**Copyright Claimant:** Guy J Quigley

3720 Fountain Circle, Fountainville, PA, 18923

## Limitation of copyright claim

**Material excluded from this claim:** text

**New material included in claim:** text

## Rights and Permissions

**Name:** Guy J Quigley

**Email:** guyquigley@verizon.net     **Telephone:** 215-766-1376

**Address:** 3720 Fountain Circle

Fountainville, PA 18923  United States

## Certification

**Name:**  Guy J. Quigley

**Date:**  October 24, 2009

# EXHIBIT 2

**Registration Number**

# TXu 2-163-738

**Effective Date of Registration:**
September 01, 2019
**Registration Decision Date:**
October 31, 2019

## Title

**Title of Work:** (Mosi-ao-Tunya)
The Smoke That Thunders Second Edition

## Completion/Publication

**Year of Completion:** 2019
**International Standard Number:** ISBN 0 86116 644 2

## Author

- **Author:** Guy Joseph Quigley
**Author Created:** text
**Work made for hire:** No
**Citizen of:** United States
**Domiciled in:** United States
**Year Born:** 1941

## Copyright Claimant

**Copyright Claimant:** Guy Joseph Quigley
3720 Fountain Circle, Fountainville, PA, 18923, United States

## Rights and Permissions

**Name:** Guy Joseph Quigley
**Email:** guyquigley@verizon.net
**Telephone:** (215)262-2880
**Alt. Telephone:** (215)766-2328

## Certification

**Name:** Guy Joseph Quigley

**Date**:    September 01, 2019

---

**Copyright Office notes:**    Regarding year of completion: corrected by Copyright Office from statement on copy.

Regarding title information: Second Edition statement added by Copyright Office from copy.

# EXHIBIT 3

**Registration Number**

## TXu 1-630-072

**Effective date of
registration:**

March 18, 2009

## Title

**Title of Work:** THE REBEL SON

## Completion/Publication

**Year of Completion:** 2008

## Author

■           **Author:** Guy Joseph Quigley

**Author Created:** text, editing

**Citizen of:** United States          **Domiciled in:** United States

**Year Born:** 1941

## Copyright claimant

**Copyright Claimant:** Guy Joseph Quigley

3720 Fountain Circle, Fountainville, PA, 18923

## Certification

**Name:** Guy Joseph Quigley

**Date:** March 18, 2009

**Copyright Office notes:** Regarding author information: Original application gave the author created
statement as: text, compilation, editing; deposit consists of text only.