**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **GUY QUIGLEY,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **Civil Action No. 26-cv-3000-HB** |
| | : | |
| **BRIGHTWORD BOOKS, LLC** | : | |
| | : | |
| **Defendant.** | : | |
| | : | |

**SUPPLEMENTAL DECLARATION OF FREDERICK A. TECCE**

I, FREDERICK A. TECCE, certify and declare as follows:

1.     I am over the age of 18 years, and I have personal knowledge of the facts set forth herein.  I make this supplemental declaration in further support of Plaintiff's Request for Entry of Default.  If called upon to do so, I could and would competently testify to the following facts set forth below.

2.      I am the attorney of record for Plaintiff Guy Quigley.

3.     I adopt and incorporate by reference the facts and information set forth in my June 3, 2026 Declaration of Frederick A. Tecce (See, ECF No. 7-1).

4.     Prior to our service of the Summons and Complaint in a manner authorized by FRCP 4 and PaRCP 404, we conducted researched to determine if the defendant, Brightword Books, LLC (hereafter "Brightword") and if so, who was that agent.

5.     Attached hereto as Exhibit A is a true and correct copy of information obtained from the New York Department of State, Division of Corporations.  As

indicated in Exhibit A, the registered agent for Defendant Brightwood Books, LLC is an entity known as Registered Agents, Inc. having an address of 418 Broadway STE R, Albany, New York, 12207.

6.      We further sought to confirm that Registered Agents, Inc. was in fact an entity which engaged in the acceptance of service of process of behalf of entities such as Brightword.

7.      Attached hereto as Exhibit B is a copy of the Home Page for Registered Agents, Inc.  As shown in Exhibit B, that entity is a "New York Registered Agent Service."

8.      In preparing the Certified Mailing Card, we did not check one of the "Restricted Delivery" boxes on the card.  However, such restricted delivery is not required under Pennsylvania law.

9.      Pennsylvania law only requires "<u>delivery of any form of mail</u>" and a "<u>receipt signed by the defendant or his authorized agent</u>." Pa. R. Civ. P. 403." *Scalla v. KWS, Inc.*, No. 18-1333, 2018 U.S. Dist. LEXIS 203453, at *9 (E.D. Pa. Nov. 30, 2018) (emphasis in original).  "The official note only puts one on notice that this form of service exists, but it is evident that its use is optional. Pennsylvania law only requires that Plaintiff serves an authorized agent of Defendant through the mail and provide a return receipt." *Id*. at *12 n. 9.

10.      The addressee Registered Agents, Inc. (and all of its employees) constitutes the defendant's registered agent, there is no requirement that restricted delivery be used in general and in this case in particular.

2

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed July 28, 2026

_____
Frederick A. Tecce