**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| GUY QUIGLEY, | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. 26-cv-3000-HB |
| BRIGHTWORD BOOKS, LLC | : | |
| Defendant. | : | |

**PLAINTIFF GUY QUIGLEY'S BRIEF IN SUPPORT OF HIS**
**MOTION FOR LIMITED EXPEDITED DISCOVERY**

Pursuant to Rule 26(d)(1) of the Federal Rules of Civil Procedure, Plaintiff Guy Quigley ("Quigley") respectfully moves for an order for limited, expedited discovery. This Motion should be granted, because the requested discovery is reasonable in light of the relevant circumstances, and good cause exist to order the same. The requested expedited discovery is limited, specific, and seeks information to aid Quigley in securing a damages award and other relief as part of a motion for default judgment he intends to file against Defendant Brightword Books, LLC ("Brightword"). This information is necessary to advance Quigley's claims as he cannot provide a reasonable calculation of damages without the request information, and given Brightword's failure to appear in this case, there is no other practical way for Quigley to obtain the information without the requested expedited discovery.

## I. BACKGROUND.

On May 4, 2026, Quigley filed this Action for copyright infringement and breach of service agreements concerning Brightword's publishing and marketing of

Quigley's literary works *The Thundering Smoke Book 1: The Price Of Freedom*, *The Thundering Smoke Book 2: The Dutchman's Plan*, *The Thundering Smoke Book 3: The End Of The Line*, and *The Rebel Son*. (ECF No. 1.) In his Complaint, Quigley alleges that Brightword has misappropriated ownership and control over the publication, distribution, and sales of these works. (*See id.*)

On August 25, 2026, the Clerk of Court entered default against Brightword pursuant to FED. R. CIV. 55(a), after Brightword failed to plead or otherwise defend this Action. (ECF No. 16.) In accordance with FED. R. CIV. 55(b)(2), the next step for Quigley is to file a motion for default judgment.

Because Brightword chose not to participate in this lawsuit, Quigley is unable to conduct discovery from Brightword to determine the full extent of Brightword's unlawful conduct and the relief to which Quigley is entitled. Such relief depends on information that is not within Quigley's possession, custody, or control, *e.g.*, the accounts and channels through which Quigley's works have been published, distributed, and sold and the data concerning the same. Given the known circumstances surrounding the unauthorized distribution and sales of Quigley's works facilitated through the use of accounts registered with third party publishers, sellers and financial institutions, such as *inter alia* IngramSpark and Amazon and their related companies and affiliates, these third party sources are in possession of highly relevant information and documentation that will readily assist Quigley's efforts to identify the full extent of Brightword's complained-of conduct. Therefore, Quigley respectfully requests the entry of an order for limited, expedited discovery

Court from these third party sources before moving for entry of default judgment against Brightword.

## II. GOOD CAUSE EXISTS FOR THE REQUESTED EXPEDITED DISCOVERY.

The Federal Rules of Civil Procedure generally prohibit discovery from occurring before the parties conduct a Rule 26(f) conference, but a court may in its discretion enter an order allowing early or expedited discovery. *See* FED. R. CIV. P. 26(d)(1) ("A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except . . . by court order."). However, neither Rule 26(d) nor the Court of Appeals for the Third Circuit have set a particular standard or test for determining when such discovery should be permitted prior to a Rule 26(f) conference. Notwithstanding, district courts possess broad discretion in managing the discovery process and may expedite or otherwise alter its timing or sequence. *In re Fine Paper Antitrust Litig.*, 685 F.2d 810, 817 (3d Cir. 1982) ("matters of docket control and conduct of discovery are committed to the sound discretion of the district court").

Generally speaking, courts have applied more exacting tests where issues of anonymous free speech are at issue to prevent any chilling effect, *see Blossoms & Blooms, Inc. v. Doe*, No. 22-1557-KSM, 2022 U.S. Dist. LEXIS 136226, at *5-6 (E.D. Pa. July 29, 2022), and where discovery is sought to determine the identities of defendants for the purposes of perfecting the service of process. *See Malibu Media, LLC v. Doe*, No. 13-2864, 2013 U.S. Dist. LEXIS 77264, at *1-2 (E.D. Pa. May 31, 2013) (Bartle, J.) (citing *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 119 (2d Cir.

2010); *Strike 3 Holdings, LLC v. Doe*, No. 21-4877-KSM, 2021 U.S. Dist. LEXIS 217385, at *1-2 (E.D. Pa. Nov. 10, 2021) (quoting *Malibu Media, LLC*, 2013 U.S. Dist. LEXIS 77264, at *2). However, these standards are inapplicable to the instant matter, because the conduct underlying Quigley's claims involves unlawful commercial activities, not anonymous free speech. Nor is Brightword anonymous. As such, a less exacting test should be applied by the Court.

In the absence of free speech and/or identity issues, other courts in this District have typically used a "reasonableness" or "good cause" standard to determine whether discovery should proceed prior to a Rule 26(f) conference. *See Robson Forensic, Inc. v. Shinsky*, No. 5:22-cv-1309, 2022 U.S. Dist. LEXIS 73661, at *7 (E.D. Pa. Apr. 22, 2022) (noting that the "good cause" standard is the prevailing approach in this Circuit to resolve motions for expedited discovery) (citation omitted). "This standard 'requires the party seeking discovery to show 'good cause' for its motion, such that the request is 'reasonable' in light of the relevant circumstances.'" *Id.* (quoting *Kone Corp. v. Thyssenkrupp USA, Inc.*, No. 11-465-LPS-CJB, 2011 U.S. Dist. LEXIS 109518, at *10 (D. Del. Sept. 26, 2011). This asks a district court to "weigh the need for discovery at an early juncture in the litigation against the breadth of the discovery requests and the prejudice to the responding party." *Kone Corp.*, 2011 U.S. Dist. LEXIS 109518, at *10-11. Nonexclusive factors that inform a court's discretion include (1) the timing and context of the discovery requests, (2) the scope and purpose of the requests, and (3) the nature of the burden to the respondent. *Id.* at *11.

Courts often find good cause to authorize limited, expedited discovery from third parties when a defendant defaults and the plaintiff seeks information to establish liability and/or damages in pursuit of a motion for default judgment. *See, e.g., BMW of N. Am., LLC v. Fridaygoods LLC*, No. CV 25-8230-JFW-(RAOx), 2026 U.S. Dist. LEXIS 32942, at *3 (C.D. Cal. Jan. 5, 2026) (allowing third party discovery of eBay to assess the scope of defaulting defendant's sales of counterfeit and infringing automobile parts and accessories conduct for purposes of a motion for default judgment) (citing cases); *Obesity Rsch. Inst., LLC v. Sunrise Selections LLC*, No. 3:25-cv-00877-BJC-AHG, 2025 U.S. Dist. LEXIS 218341, at *4-6 (S.D. Cal. Nov. 4, 2025) (allowing third party discovery upon Amazon to obtain information about defaulting defendants' sales of infringing products); *Times Three Clothier, LLC v. Rack's Offprice*, Civil Action No. 22-3013 (KM) (MAH), 2022 U.S. Dist. LEXIS 137742, at *3 (D.N.J. Aug. 3, 2022) (allowing third party discovery on third party online sales platforms, including eBay, to obtain sales information that would allow the plaintiff to establish the number of units sold and dollar amounts of defaulting defendants' sales of infringing products); *Noco Co., Inc. v. Zhejiang Quingyou Elec. Commerce Co.*, No. 1:20cv1170, 2021 U.S. Dist. LEXIS 119500, at *5-6 (N.D. Ohio June 21, 2021) (citing cases); *Antoine v. Boutte*, No. 15-561-JWD-EWD, 2016 U.S. Dist. LEXIS 145459, at *11-14 (M.D. La. Oct. 20, 2016) (finding "good cause exist[ed] to allow Plaintiff to proceed with limited early discovery" where defendants defaulted and plaintiff sought discovery from several nonparty retailers, including Amazon).

In the present case, good cause exists for limited expedited discovery in this case to assist Quigley in his efforts to establish the sales, profits, and other ill-gotten gains in connection with Brightword's infringement and breaches of contract.[1]

First, the context and purpose of the requested discovery perfectly fit the intended goal of allowing expedited discovery – they are to allow Quigley to obtain specific, limited, and identifiable pieces of information to support an anticipated motion for entry of default judgment and claim for damages. Specifically, Quigley seeks account and sales information from publishers, distributors, sellers, and financial institutions used by Brightword in its distribution and sale of infringing works, such as IngramSpark and Amazon. Such information is necessary to advance Quigley's claims as Quigley cannot provide a reasonable calculation of damages and

---

[1] Even if, *arguendo*, the test set forth by this Court in *Malibu Media, LLC*, 2013 U.S. Dist. LEXIS 77264, at *2, were deemed to be applicable in this case, Quigley respectfully submits that all factors support the requested expedited discovery.

First, Quigley has alleged a prima facie case of copyright infringement. In the complaint, Quigley alleges that he is the owner of the literary works at issue, which are original works of authorship and that he owns the copyrights to these works, which are registered with the United States Copyright Office. Quigley also alleges that Brightword has copied and distributed the Quigley's works without his authorization.

Second, as noted, the requested expedited discovery is sufficiently specific and seeks information to aid Quigley in securing a damages award and other relief as part of a motion for default judgment. Third, given Brightword's failure to appear, there is no other practical way for Quigley to obtain the information without the requested discovery directed to the publishers, distributors, and sellers of Quigley's works.

Fourth, the requested discovery is necessary to advance Quigley's claims, as he cannot provide a reasonable calculation of damages and other relief without the information. Fifth, Brightword has already been identified, negating the question of privacy.

request for other relief without the request information.[2] *See PPG Indus. v. Jiangsu Tie Mao Glass Co.*, 47 F.4th 156, 161 (3d Cir. 2022) (noting that on default judgment, unless damages are liquidated or computable, they cannot be awarded simply on the basis of the pleadings; instead, a plaintiff must provide an evidentiary basis for its damages claim). Because Brightword has not appeared in this action, Quigley has been practically foreclosed from engaging in discovery. Aside from Brightword, the needed information is solely within these third party publishers, distributors, and sellers' control, and Quigley will not be able to otherwise obtain this information short of an order compelling discovery from these third parties because Brightword has defaulted.

Second, Quigley's requested discovery is specific, particularized, and cannot be characterized as a "fishing expedition." As noted, Quigley is seeking information and documentation from known business entities that have been used in furtherance of the unlawful distribution and sale of Quigley's works.

Thirdly, Quigley is seeking information (account, distribution and sales records and information) to which it would otherwise be entitled after a Rule 26(f) conference had occurred. As indicated in the above-mentioned authority, the third

---

[2] The Copyright Act allows recovery of "the copyright owner's actual damages and any additional profits of the infringer," or alternatively "statutory damages." 17 U.S.C. § 504(a). Similarly, in a breach of contract action, compensatory or actual damages are available to compensate a plaintiff for all losses sustained as a result of a breach of contract and place the plaintiff in the position he would have been in but for the breach. *See Empire Props. v. Equireal, Inc.*, 674 A.2d 297, 304 (Pa. Super. Ct. 1996). Also, equitable remedies, such as specific performance, may be awarded when other available remedies are insufficient to adequately compensate the plaintiff. *See Oliver v. Ball*, 136 A.3d 162, 166-67 (Pa. Super. Ct. 2016).

party sources contemplated in the proposed order have cooperated with intellectual property owners in prior cases and under similar circumstances and are accustomed to doing so as part of their ordinary business operations. These third party sources can comply with the requested discovery without undue burden.

Finally, the requested discovery will help move this matter forward. Presently, Brightword is in default. Quigley's only remaining course of action is to file a regularly noticed motion for default judgment pursuant to Rule 55(b)(2). With the requested discovery, Quigley will be able to fashion a meaningful damages request and other relief based upon the provable extent of the alleged infringement and breaches in such a motion.

## III. CONCLUSION.

For the foregoing reasons, Quigley respectfully requests that the Court grant his Motion for Limited Expedited Discovery and enter an order substantially in the form of the [Proposed] Order filed concurrently herewith.

Dated: September 11, 2026

Respectfully submitted,

By: ______________________

Frederick A. Tecce
Altima Advisors/Attorneys, LLC
One Liberty Place – 55th Floor
1650 Market Street
Philadelphia, Pennsylvania 19103
Telephone: (215) 268-7525
Facsimile: (215) 268-7526
Email: fred.tecce@altimaadvisors.com

*Attorney for Plaintiff*
*Guy Quigley*