**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| GUY QUIGLEY, | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. 26-cv-3000-HB |
| BRIGHTWORD BOOKS, LLC | : | |
| Defendant. | : | |

**PLAINTIFF'S SUPPLEMENTAL BRIEF IN SUPPORT OF**
**MOTION FOR LIMITED EXPEDITED DISCOVERY**

Plaintiff Guy Quigley ("Quigley") respectfully submits this Supplemental Brief in support of his Motion for Limited Expedited Discovery (ECF No. 17).

In support of this Supplemental Brief, Plaintiff states as follows:

1. Plaintiff respectfully withdraws his previously submitted Proposed Order (ECF No. 17-2) and requests that the Amended Proposed Order, which is annexed as Exhibit A, be substituted in its place. This Amended Proposed Order clarifies the relief sought by Plaintiff in his Motion to conform with the Federal Rules of Civil Procedure 26 and 45.

2. By way of the Amended Proposed Order, Plaintiff respectfully requests permission to serve the third party subpoenas via FedEx, UPS, or USPS Priority Mail Express and to require third parties served with a subpoena to respond to the same within fourteen (14) days. Plaintiff respectfully submits that good cause exists to do so. Plaintiff continues to be harmed by the ongoing, unauthorized distribution and sale of his literary works on Amazon and eBay and at Walmart and other book retail

outlets. Expedited service and compliance of the third party subpoenas is warranted so that Plaintiff may promptly obtain the information necessary to pursue a default judgment, and thus, mitigate any further harm caused to him by the alleged infringement. Thus, allowing such service and compliance aligns with the principle that the rules "be construed, administered, and employed . . . to secure the just, speedy, and inexpensive determination of every action and proceeding." FED. R. CIV. P. 1.

3. While Rule 45 does not define "reasonable time," "many courts have found fourteen days from the date of service as presumptively reasonable." *Grant Heilman Photography, Inc. v. John Wiley & Sons, Inc.*, Civil Action No. 11-cv-1665, 2011 U.S. Dist. LEXIS 128339, at *27 (E.D. Pa. Nov. 7, 2011) (quotations and citation omitted).

4. In addition, while the Third Circuit has not weighed in on the issue, courts have held that Rule 45, which requires "delivering a copy to the named person," FED. R. CIV. P. 45(b)(1), does not require personal service; rather, it requires service reasonably calculated to ensure receipt of the subpoena by the third party.[1] *See Ott v. City of Milwaukee*, 682 F.3d 552, 557 (7th Cir. 2012) (examining the plain language of Rule 45 for support of service of subpoena by certified mail and finding "no reason

[1] Plaintiff is mindful of contrary authority in this District on this issue that Rule 45 requires personal service. *See, e.g., Crocker v. Nationwide Freight, Inc.*, No. 25-2307, 2025 U.S. Dist. LEXIS 226221, at *3-4 (E.D. Pa. Nov. 18, 2025) (citing cases, but noting that when circumstances warrant, courts have permitted service by alternative means). Nevertheless, Plaintiff respectfully submits that compelling circumstances exist that would justify service by the means requested in the Amended Proposed Order. (*See* ¶ 2, *supra*.)

to inflate the costs of litigation by ruling out this sensible option for serving a subpoena (along with the necessary fees) and requiring parties to hire a second person for service, at least in the absence of any language in the Rule that compels such a result."); *TracFone Wireless, Inc. v. SCS Supply Chain LLC*, 330 F.R.D. 613, 616 (S.D. Fla. 2019) (granting expedited discovery to allow plaintiff to serve third party subponeas, permitting service by FedEx or UPS, and requiring 14-day response); *Hall v. Sullivan*, 229 F.R.D. 501, 505-06 (D. Md. 2005) (finding "no reason to require in-hand delivery of subpoenas [duces tecum] – so long as the service is in a manner that reasonably ensures actual receipt of the subpoena by the witness"); Wright & Miller, 9A FEDERAL PRACTICE & PROCEDURE § 2454 (3d ed. 2025) ("[i]n recent years a growing number of cases have departed from the view that personal service is required" and have permitted alternative forms of service reasonably "calculated to provide timely actual notice.").

WHEREFORE, Plaintiff respectfully requests that the Court grant his Motion for Limited Expedited Discovery and enter the Amended Proposed Order annexed as Exhibit A.

* * <SIGNATURE PAGE FOLLOWS> * *

Dated: September 25, 2026

Respectfully submitted,

By ______________________

Frederick A. Tecce
Altima Advisors/Attorneys, LLC
One Liberty Place – 55th Floor
1650 Market Street
Philadelphia, Pennsylvania 19103
Telephone: (215) 268-7525
Facsimile: (215) 268-7526
Email: fred.tecce@altimaadvisors.com

*Attorney for Plaintiff*
*Guy Quigley*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the within Plaintiff's Supplemental Brief in Support of Motion For Limited Expedited Discovery is being filed with the Clerk of Court, via the Court's CM/ECF system, and true and correct copies of the same are being served Defendant Brightword Books LLC, via First Class Mail, postage prepaid, on this day September 25, 2026.

______________________
Frederick A. Tecce